# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| CORTEZ D. GILLUM, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Case No. 11-cv-1056 |
| RICARDO RIOS, *Warden,* | ) ) ) | |
| Respondent. | ) ) ) | |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner Cortez D. Gillum's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and Memorandum in Support (Doc. 2). Also pending are Petitioner's Application for Leave to Proceed in forma pauperis (Doc. 3), and Petitioner's Motion for Emergency Hearing for Writ of Habeas Corpus (Doc. 4). For the following reasons, the Application to Proceed in forma pauperis is DENIED, the Motion for Emergency Hearing is DENIED, Petitioner's second claim for relief is DISMISSED, and Respondent will be ordered to respond to the first claim for relief brought in the Petition.

### PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is an inmate at the Pekin Federal Correctional Institution in Pekin, Illinois. In 2002, Petitioner was convicted in the United States District Court for the Central District of Illinois of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentenced to ten years imprisonment. (Doc. 1 at 2). In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241,

Petitioner alleges two separate grounds for relief from his sentence.[1] First, Petitioner alleges that the Bureau of Prisons erred in not granting him a *nunc pro tunc* designation that a state facility in which he was incarcerated prior to his federal trial was a place of federal confinement for purposes of earning credit on his federal sentence. (Doc. 1 at 4-6). Second, Petitioner alleges that the district court erred in the calculation of his sentence based upon a misapplication of U.S.S.G. §5G1.3. (Doc. 1 at 6-8). The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the District Courts to this case.[2] *See* Rule 1(b) Governing Section 2254 Cases in the District Courts. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court must examine the Petition and determine whether or not it plainly appears that Petitioner is not entitled to relief in this Court.

While a challenge to the *execution* of a federal sentence, such as that raised in Petitioner's first ground for relief, is properly brought pursuant to § 2241, a challenge to its *imposition* may only be raised thereunder if it falls within the "savings clause" of §2255(e). *McCall v. United States*, 304 Fed. Appx. 449 (7th Cir. 2008) (holding that a petitioner's claim that his sentencing court misapplied U.S.S.G. § 5G1.3 was a claim challenging the imposition of his sentence, which

---

[1] Petitioner's first and second stated grounds for relief are in essence two parts of the same claim; the first ground for relief alleges the Bureau of Prison's authority, and the second ground states that it misused that authority.

[2] *See also Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D. Ill. 1996) (Rule 4 takes precedence over § 2243's deadlines and gives court discretion to set deadlines) (*citing Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) (Rule 4 is superseding statute over § 2243); *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (court may apply § 2254 Rules to § 2241 cases)).

could not be brought under § 2241) (emphasis added). Section 2255(e) allows for a claim to be brought under § 2241 if § 2255 is not adequate or effective to provide relief. The Seventh Circuit has explicitly held that "§ 2255 is inadequate or ineffective only when a prisoner is unable to present a claim of actual innocence." *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) ("Every court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when . . . *the claim being foreclosed is one of actual innocence.*" (emphasis added)). Here, Petitioner is not alleging a claim of actual innocence, he is only alleging that the district court erred in applying the sentencing guidelines to the terms of his conviction. *See Unthank*, 549 F.3d at 535 (explaining that a claim that a petitioner's sentence is too high differs from a claim that he is actually innocent of the crime of which he was convicted). Accordingly, Petitioner's second claim for relief is not properly brought pursuant to § 2241, and is hereby dismissed pursuant to Rule 4. Therefore, Respondent will be directed to respond only to the first claim for relief that Petitioner raises in his Petition.[3]

### APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner has also filed an Application to Proceed in forma pauperis. (Doc. 2). Under 28 U.S.C. § 1915, the Court may allow a litigant to proceed without prepayment of fees or costs. The Motion is supported by an affidavit, and contains

---

[3] As previously noted, the Court is construing Petitioner's "first claim for relief" as those stated in Petitioner's Ground One and Ground Two.

the information that is required by 28 U.S.C. § 1915(a)(1). In addition, the Court has received a copy of Petitioner's trust fund account ledger for the last six months from Pekin Federal Correctional Institution (Doc. 2), as required by 28 U.S.C. § 1915(a)(2). The certification from an officer of the Pekin Federal Correctional Instituion and Petitioner's trust fund account ledger belie the assertion that Petitioner cannot pay the $5.00 filing fee. Both indicate that Petitioner has $161.39 in his prison trust fund account. (Doc. 2 at 3). Therefore, the Court finds that Petitioner is able to pay the $5.00 filing fee.

## MOTION FOR EMERGENCY HEARING

Finally, Petitioner has filed a "Motion for Emergency Hearing for Writ of Habeas Corpus," which the Court construes as requesting an immediate evidentiary hearing on his Petition. As previously discussed, the Court is ordering Respondent to respond to a portion of Petitioner's Petition. Pursuant to Rule 8 of the Rules Governing § 2254 Cases, after the Court receives Respondent's Answer and any necessary and relevant transcripts, the Court will examine the record and determine whether an evidentiary hearing is warranted in this case. There is no indication in the record as to why an emergency hearing is warranted before that time. Accordingly, Petitioner's Motion for Emergency Hearing (Doc. 4) is DENIED.

## Conclusion

IT IS THEREFORE ORDERED:

1. Petitioner's second claim for relief, that the district court erred in the calculation of his sentence pursuant to U.S.S.G. § 5G1.3 is DISMISSED as it is not properly brought pursuant to 28 U.S.C. § 2241.

2. The Clerk SHALL cause a copy of the Petition (Doc. 1) to be served upon Respondent.

3. Respondent SHALL file an answer or other response to Petitioner's first claim for relief within sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

4. Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

5. Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

6. Petitioner's Application for Leave to Proceed in forma pauperis (Doc. 3) is DENIED.

7. Petitioner SHALL submit the applicable filing fee within 28 days of the date of this Order, or his Petition will be dismissed.

8. Petitioner's Motion for Emergency Hearing (Doc. 4) is DENIED.

Entered this 18th day of February, 2011.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                     United States Senior District Judge